FILED
October 17, 2022

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

Ashlea P.,
**Petitioner Below, Petitioner**

**vs.) No. 21-0310** (Lewis County 13-D-157)

Kevin H. Jr.,
**Respondent Below, Respondent**


## MEMORANDUM DECISION


Petitioner Ashlea P. appeals the circuit court's March 2, 2021, order denying her appeal of a family court order awarding Respondent Kevin H. Jr. his attorney's fees following its granting of his motion to dismiss petitioner's petition to modify the parties' parenting plan and his petitions for contempt.[1]

The parties share a child, and petitioner initiated the underlying action below by petitioning for child support. During the proceedings, the family court entered a parenting plan, which petitioner sought to modify. Respondent moved to dismiss the modification petition, arguing that petitioner's petition included falsehoods and that she had not complied with the parenting plan. Respondent also filed two petitions for contempt based upon petitioner's alleged failure to comply with certain visitation prerequisites. Respondent requested his attorney's fees. Ultimately, the family court granted respondent's petitions for contempt and his motion to dismiss petitioner's petition to modify the parties' parenting plan. By separate order, the family court awarded respondent his attorney's fees in the amount of $6,685.

Petitioner appealed the order awarding attorney's fees to the circuit court. The circuit court denied petitioner's appeal on March 2, 2021, concluding that the family court appropriately examined the issue under *Banker v. Banker*, 196 W. Va. 535, 474 S.E.2d 465 (1996),[2] and did

---

[1] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. Proc. 40(e). Petitioner appears by counsel Holly Turkett, and respondent appears by counsel Trena Williams.

[2] In Syllabus Point 4 of *Banker*, we outlined the factors a family court should consider in determining whether to award a party his or her attorney's fees in divorce actions. These factors include

(continued . . .)

1

not abuse its discretion in awarding attorney's fees. Petitioner raises two assignments of error on appeal, and we employ the following standard of review:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

First, petitioner argues that the family court erred in awarding respondent his attorney's fees because it did not fully analyze the factors set forth in *Banker*. In her estimation, an adequate analysis of those factors does not warrant an award of attorney's fees. The factors set forth in Syllabus Point 4 of *Banker* are those that should be considered in determining whether to award attorney's fees "[i]*n divorce actions*." *Id.* at 538, 474 S.E.2d at 468, Syl. Pt. 4, in part (emphasis added). The syllabus point "specifically limits the test set forth therein to divorce actions." *Paugh v. Linger*, 228 W. Va. 194, 200, 718 S.E.2d 793, 799 (2011). This is not a divorce action; rather, the matter was initiated by the filing of a petition for child support and further involved a custody dispute. Because petitioner's argument rests on inapplicable authority, she has failed to demonstrate error in the award of attorney's fees to respondent. *See In re Guardianship of N.P.*, No. 19-1187, 2021 WL 365283, *5 (W. Va. Feb. 2, 2021)(memorandum decision) (finding that the petitioner was entitled to no relief where he claimed that the family court failed to analyze the *Banker* factors because, as the case was a custodial matter rather than a divorce action, the petitioner's argument was "based entirely on inapplicable authority"); *E.O.R. v. M.D.W.*, No. 17-0355, 2018 WL 1218023, *6 (W. Va. Mar. 8, 2018)(memorandum decision) (concluding that *Banker* was not controlling in that case, which was a custody dispute, not a divorce action).[3]

---

> the party's ability to pay his or her own fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, the effect of the attorney's fees on each party's standard of living, the degree of fault of either party making the divorce action necessary, and the reasonableness of the attorney's fee request.

*Banker*, 196 W. Va. at 538, 474 S.E.2d at 468, Syl. Pt. 4, in part.

[3] We acknowledge that the circuit court relied on *Banker* in addressing the propriety of an award of attorney's fees, but this Court is not bound by that analysis. "This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965). West Virginia Code § 48-1-305 provided the family court with the authority to award respondent his attorney's fees, which petitioner fails to address.

In petitioner's second assignment of error, she claims that the circuit court erred in denying her appeal when it had no electronic recording of the proceedings before the family court. In her petition for appeal to the circuit court, petitioner stated that she had requested a recording of the relevant hearing but was informed that one was unavailable. Petitioner argues that the circuit court should have remanded the matter for development of the record because it was "impossible" for the circuit court to review the matter without the recording. Under Rule 29 of the West Virginia Rules of Practice and Procedure for Family Court, "[i]f essential portions of the recording of proceedings before a family court are inaudible or unavailable, the circuit court *may* recommit the case to the family court." (Emphasis added.) Petitioner never sought to have the matter recommitted despite knowing that a recording was unavailable when she appealed to the circuit court. She has not demonstrated error in the circuit court's failure to grant relief she did not request, particularly where the facts were not in dispute.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

3